UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Louise Polley,
      Plaintiff

   v.                                    Civil No. 08-cv-392-SM
                                         Opinion No. 2009 DNH 080
Harvard Pilgrim
Health Care, Inc.,
      Defendant

**O R D E R**

Plaintiff, Louise Polley, is suing her former employer, Harvard Pilgrim Health Care, Inc. ("Harvard Pilgrim"). She seeks to recover for negligent infliction of emotional distress, and for Harvard Pilgrim's alleged failure to provide her in a timely manner with documents pertaining to a benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). Before the court is defendant's motion for judgment on the pleadings. For the reasons given, defendant's motion is granted.

**The Legal Standard**

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is treated much like a Rule 12(b)(6) motion to dismiss." Estate of Bennett v. Wainwright, 548 F.3d 155, 163 (1st Cir. 2008) (citing Pérez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008)). When ruling on a motion for judgment on the pleadings under Rule 12(c), the court takes the

facts in the light most favorable to the plaintiff and "draw[s] all reasonably supported inferences in [her] favor." <u>Abraham v. Woods Hole Ocean. Inst.</u>, 553 F.3d 114, 115 (1st Cir. 2009) (citation omitted). "[T]o survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level.'" <u>Gray v. Evercore Restructuring L.L.C.</u>, 544 F.3d 320, 324 (1st Cir. 2008) (citation omitted). In other words, a Rule 12(c) motion should be granted "if the complaint fails to state facts sufficient to establish a 'claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.</u>, 524 F.3d 315, 320 (1st Cir. 2008)).

**Background**

With one exception, the following facts are drawn from Polley's complaint, and all of the facts described below are taken in the light most favorable to her.

Polley worked for Harvard Pilgrim until July of 2005, when she suffered a nervous breakdown due to work-related stress and took a medical leave of absence. During her leave of absence, which ended with her discharge in December of 2005, Polley applied for short-term disability benefits through Harvard Pilgrim's employee-benefit program. The program administrator

told her to apply for workers' compensation benefits, which she did.  Harvard Pilgrim's workers' compensation insurer denied Polley's claim.  She then had a hearing before the Workers' Compensation Division of the New Hampshire Department of Labor, which denied her claim.  After Polley filed an appeal of that decision, Harvard Pilgrim and its workers' compensation insurer agreed to pay her $52,000 to settle her claim.

According to the settlement agreement,[1] Polley's workers' compensation claim was based upon allegations that "she developed depression and anxiety with severe physical manifestations as a result of her supervisor's conduct and retaliatory discharge of her."  (Def.'s Answer, Ex. A (document no. 16-2), at 1.)  Under the terms of that agreement, Polley released Harvard Pilgrim from

---

[1] The settlement agreement is not attached to Polley's complaint, but because the complaint expressly refers to "the terms of the settlement agreement" (Am. Compl. ¶ 18), that agreement may be considered in its entirety in ruling on Harvard Pilgrim's motion.  See Trans-Spec, 524 F.3d at 321 (citing Beddall v. State St. Bank & Trust Co., 137 F. 3d 12, 16-17 (1st Cir. 1998) (noting that "[w]hen . . . a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6))"; Clorox Co. P.R. v. Proctor & Gamble Comm. Co., 228 F.3d 24, 32 (1st Cir. 2000) (holding that, in ruling on a Rule 12(b)(6) motion, a district court "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).

any and all claims, including tort claims, that in any way arose out of the allegation quoted above.  (See id. at 1-2.)

During the adjudication of Polley's workers' compensation claim, Harvard Pilgrim "came into possession of medical records, witness testimony and other information which clearly showed that the Plaintiff was an extremely sensitive and fragile woman who was very vulnerable to severe emotional injury that could be brought upon by stress."  (Am. Compl. ¶ 20.)  Notwithstanding Harvard Pilgrim's possession of that information, it took more than three months after the settlement agreement was reached for Polley to receive the payment to which she was entitled thereunder.  That delay "caused her financial worry, further shame, distrust, a worsening of her medical condition, and other damages."  (Id. ¶ 22.)

During the winter and spring of 2007, while Polley was attempting to access medical and prescription benefits provided by Harvard Pilgrim, "she was given erroneous information and subjected to chronic long delays and lack of response to her inquiries and was without her prescribed medication and benefits for her condition."  (Am. Compl. ¶ 25.)  The resulting "[u]ncertainty over her medical and therapy coverage and prescription drug benefits caused her panic" (id. ¶ 27), and "[t]he ongoing acts of Harvard Pilgrim caused [her] to suffer a

relapse of her nervous breakdown, including . . . stomach pains; hospitalization, severe anxiety and loss of sleep" (<u>id.</u> ¶ 28).

Based upon the foregoing, Polley sued Harvard Pilgrim in state court for negligent infliction of emotional distress. After Harvard Pilgrim removed the case to this court and moved for judgment on the pleadings, Polley filed an amended complaint in which she re-asserted her claim for negligent infliction of emotional distress and made a second claim, asserting an ERISA violation.  Because it was filed before Polley's amended complaint, Harvard Pilgrim's motion for judgment on the pleadings addresses only the emotional distress claim, which is asserted as follows:

> The Defendant owed the Plaintiff a greater duty of care to handle the circumstances of Plaintiff's forced separation from her employment and their dealings with her following same, and the payment of her settlement and other benefits, than otherwise would be owed to a person not so vulnerable.
> That the Defendant negligently and repeatedly breached its duty, and the Defendant's breach of duty proximately caused the Plaintiff's damages, including severe emotional distress with physical manifestations, and financial loss within the jurisdictional limits of this honorable court.

(Am. Compl. ¶¶ 32-33.)

Count I asserts that Harvard Pilgrim negligently inflicted emotional distress on Polley by committing a "series of egregious

5

acts" in its handling of: (1) the circumstances surrounding her separation from employment; (2) the payment she was due under the settlement of her workers' compensation claim; and (3) her claims for medical benefits.

## Discussion

In support of its motion for judgment on the pleadings, defendant advances five arguments: (1) Polley's claim is barred by the exclusive-remedy provision of the New Hampshire Workers' Compensation Law; (2) Polley released all claims against Harvard Pilgrim in the agreement that settled her workers' compensation claim; (3) to the extent her tort claim is based upon an alleged denial of benefits or a delay in making them available, that claim is preempted by ERISA; (4) a delay in paying settlement proceeds or medical benefits is a breach of contract, not a tort; and (5) Polley's complaint does not adequately allege physical impact or injury. Plaintiff disagrees, categorically.

A. Circumstances Surrounding Polley's Separation from Employment

To the extent Polley claims that Harvard Pilgrim negligently caused her emotional distress by its handling of her separation from employment,[2] her claim is barred for two different reasons.

---

[2] Whether plaintiff is actually asserting such a claim is somewhat unclear. The amended complaint refers to defendant's "duty of care to handle the circumstances of Plaintiff's forced separation from her employment." (Am. Compl. ¶ 32.) But, in her

6

First, it is barred by the exclusive-remedy provision of the Workers' Compensation Law, which provides that

> if a former employee makes a claim under this chapter for compensation for injuries allegedly caused by . . . wrongful termination or constructive discharge, the employee shall be deemed to have elected the remedies of this chapter, and to have waived rights to recover damages for such wrongful termination or constructive discharge under common law or other statute.

N.H. REV. STAT. ANN. § 281-A:8, III.  Because Polley's workers' compensation claim, as characterized in the settlement agreement, sought recovery for injuries resulting from her discharge, she is barred from seeking such damages in this action.  Moreover, even if a claim for damages arising from Polley's separation from employment were not barred by statute, it would be barred by the bargained-for release Polley gave Harvard Pilgrim in exchange for its settlement of her workers' compensation claim.  So, for either of those two reasons, plaintiff has failed to state a claim for negligent infliction of emotional distress based upon the way in which Harvard Pilgrim handled her separation from employment.

---

objection to defendant's motion, plaintiff explains that: (1) this action is based upon acts that occurred "after she left the employ of the Defendant" (Pl.'s Obj. at 2); (2) her claim "is not for the injuries that were the subject of the worker's compensation claim" (id.), which expressly mentioned her discharge; and (3) her claim is "for injuries that occurred after the worker's compensation claim" (id.).

7

B. Delay in Making Payment Under the Settlement Agreement

To the extent Polley claims that Harvard Pilgrim negligently caused her emotional distress by delaying the payment due her under the settlement agreement, defendant is entitled to judgment.  In New Hampshire, "[s]ettlement agreements are contractual in nature and, therefore, are generally governed by principles of contract law."  Poland v. Twomey, 156 N.H. 412, 414 (2007).  "A breach of contract standing alone does not give rise to a tort action."  Bennett v. ITT Hartford Group, Inc., 150 N.H. 753, 757 (2004) (explaining that "allegations of an insurer's wrongful refusal to settle or delay in settling a first-party claim do not state a cause of action in tort").  And, "New Hampshire does not recognize a cause of action for negligent performance of a contract."  Wong v. Ekberg, 148 N.H. 369, 375 (2002); cf. Bell v. Liberty Mut. Ins. Co., 146 N.H. 190, 195 (2001) ("We also decline the plaintiff's invitation to overrule Lawton v. Great Sw. Fire Ins. Co., 118 N.H. 607 (1978), and recognize a tort claim for bad faith delay or refusal to settle a first-party insurance claim.").  Because the contract in this case did not "involve[ ] a fiduciary duty on the part of [Harvard Pilgrim]," Wong, 148 N.H. at 375, and "the facts constituting the breach of contract [do not] also constitute a breach of a duty owed by the defendant to the plaintiff independent of the contract," id., plaintiff has failed to state a claim for negligent infliction of emotional distress based upon Harvard

Pilgrim's alleged failure to pay the settlement amount in a timely fashion.

C. Provision of Medical Benefits

Finally, to the extent Polley claims that Harvard Pilgrim negligently caused her emotional distress by the way it handled her claims for medical and prescription benefits, defendant is also entitled to dismissal.  Plaintiff seeks to recover for a "series of egregious acts by Harvard Pilgrim" (Am. Compl. ¶ 19), which she characterizes as follows:

> Throughout the Winter and Spring of 2007 . . . Plaintiff became embroiled in a lengthy and difficult process of resolving denials made of her prescription drug benefits and medical coverage through Harvard Pilgrim, wherein she was given erroneous information and subjected to chronic long delays and lack of response to her inquiries and was without her prescribed medication and benefits for her condition.

(Id. ¶ 25.)  Defendant argues that because plaintiff's claim pertains to her receipt of benefits under a plan subject to ERISA, it is preempted by ERISA.  Plaintiff counters that her claims are not preempted because she "is not claiming loss of health insurance benefits or a mere delay in processing" (Pl.'s Mem. of Law at 4), and that "[h]er claim does not require an analysis of ERISA plan documents, but rather an analysis of the treatment she received from Defendant's employees, who knew or should have know of her particular vulnerability to their acts"

(id.).  In plaintiff's view, the fact "[t]hat part of her factual allegations contain reference to health insurance benefits is, at most, merely incidental to an ERISA plan and not sufficiently related to an ERISA plan to trigger preemption."  (Id. at 5.)

While the complaint is imprecise, both parties appear to agree that Polley's Harvard Pilgrim medical benefits were provided under an ERISA plan.  "ERISA preempts all state laws that 'relate to' employee welfare benefit plans."  Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 7 (1st Cir. 1999) (citing 29 U.S.C. § 1144(a)).  As the Danca court further explained:

> To establish complete preemption, defendants must show that the state cause of action falls within the scope of ERISA § 502(a).  See [Metro. Life Ins. Co. v.] Taylor, 481 U.S. [58,] 66 [(1987)].  For this to occur, the state law must be properly characterized as an "alternative enforcement mechanism" of ERISA § 502(a) or of the terms of an ERISA plan.  See New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 658 (1995).  ERISA § 502(a) provides for, inter alia, a cause of action by a participant or beneficiary "to recover benefits due . . . under the terms of the plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  It therefore follows that state law tort suits that allege the improper processing of a claim for benefits under an ERISA-covered plan, for example, fall within the scope of § 502(a).  See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987).

Id. at 5 (footnote and parallel citations omitted). Because that portion of Count I directed toward the payment of medical and prescription benefits cannot reasonably be construed as anything other than a "state law tort suit[ ] that allege[s] the improper processing of a claim for benefits under an ERISA-covered plan," id., it is preempted by ERISA.[3] Thus, plaintiff has failed to state a claim for negligent infliction of emotional distress based upon the manner in which Harvard Pilgrim addressed her claims for medical benefits.

### Conclusion

For the reasons given, defendant's motion for judgment on the pleadings (document no. 7) is granted, and Count I is dismissed. Accordingly, all that remains of this case is Count II, plaintiff's ERISA claim.

---

[3] Plaintiff's argument that resolution of her emotional distress claim would not require an analysis of ERISA plan documents is not persuasive. In order to evaluate Harvard Pilgrim's responses to Polley's claims, it would be necessary to determine, among other things, any deadlines or other time frames set out in the plan documents. It would also be necessary, it would seem, to know the scope of the plan's coverage, in order to determine whether Polley's claims were mainstream or borderline or meritless, which, presumably, would have a bearing on the time reasonably necessary for Harvard Pilgrim to approve or reject them.

**SO ORDERED.**

*[signature]*
Steven J. McAuliffe
Chief Judge

June 10, 2009

cc: John J. LaRivee, Esq.
    Martha Van Oot, Esq.