UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Louise Polley,
      Plaintiff

      v.                                   Civil No. 08-cv-392-SM
                                           Opinion No. 2009 DNH 176
Harvard Pilgrim
Health Care, Inc.,
      Defendant

**O R D E R**

Given previous rulings (document no. 17), this case now consists of Louise Polley's claim that her former employer, Harvard Pilgrim Health Care, Inc. ("Harvard Pilgrim"), is liable for failing to provide her with benefit plan documents, in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").  Before the court is defendant's motion for summary judgment.  Plaintiff objects.  The court held a hearing on defendant's motion on November 13, 2009.  For the reasons given, defendant's motion is granted.

**The Legal Standard**

A summary judgment motion should be granted when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  "An issue is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving

party.' "  Chadwick v. WellPoint, Inc., 561 F.3d 38, 43 (1st Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "The object of summary judgment is to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.' "  Dávila v. Corporación de P.R. para la Diffusión Pública, 498 F.3d 9, 12 (1st Cir. 2007) (quoting Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004)).  "Once the moving party avers an absence of evidence to support the non-moving party's case, the non-moving party must offer 'definite, competent evidence to rebut the motion,' "  Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009) (citing Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)), and "cannot rest on 'conclusory allegations, improbable inferences, [or] unsupported speculation,' "  Meuser, 564 F.3d at 515 (quoting Welch v. Ciampa, 542 F.3d 927, 935 (1st Cir. 2008)).  When ruling on a party's motion for summary judgment, a trial court "constru[es] the record in the light most favorable to the nonmovant and resolv[es] all reasonable inferences in [that] party's favor."  Meuser, 564 F.3d at 515 (citing Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002)).

### Background

Polley worked for Harvard Pilgrim from May of 1999 through December 28, 2005.  Harvard Pilgrim provided her with a group

disability plan that provided both short- and long-term disability benefits.  Those benefits are described in a document titled "Administrative Services for Short Term Disability Plan" (hereinafter "plan description").  Claims administration for the short-term disability benefit was handled by The Prudential Insurance Company of America ("Prudential").  Polley made a claim for short-term disability benefits, which Prudential denied.[1]

---

[1] The letter denying Polley's claim described an appeal process and provided:

> After completion of the first level of appeal, you may also file a lawsuit under the Employee Retirement Income Security Act (ERISA).  ERISA allows you to file suit for policy benefits and reasonable attorney's fees.  Your decision on whether to file a second appeal will not affect your rights to sue under ERISA.

(Pl.'s Obj., Ex. D (document no. 20-6), at 2.)  A subsequent letter upholding the denial of Polley's claim provided:

> This decision is final and cannot be appealed further to Prudential.  If you still disagree with the above decision, you may file a lawsuit under the Employee Retirement Income Security Act (ERISA).  ERISA allows you to file suit for policy benefits and reasonable attorney's fees.

(Id., Ex. E (document no. 20-7), at 3.)
According to the plan description, notifications such as those quoted above are required when a claim is denied.  (See id., Ex. C, at 20-21.)  The plan description further provides: "As a participant in this plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA).  ERISA provides that all plan participants shall be entitled to: . . . [o]btain, upon written request to the plan administrator, copies of documents governing the operation of the plan . . ."  (Id. at 22.)

Margaret Malumphy, Harvard Pilgrim's Director of Compensation, Benefits, and HRIS, says, in an affidavit, that "[s]hort-term disability benefits at [Harvard Pilgrim] are paid from general assets of [Harvard Pilgrim] as part of an employee's normal compensation paid in the event of an employee's disability" and that "[s]hort-term disability benefits at [Harvard Pilgrim] are not insured by a third party."  (Malumphy Aff. (document no. 19-2) ¶¶ 2-3.)  Polley appears not to dispute Harvard Pilgrim's characterization of its short-term disability benefit as "self-insured" (see Pl.'s Mem. of Law (document no. 20-2), at 1 ("For purposes of this motion, Mrs. Polley does not dispute the enumerated paragraphs 1-3 on page 2 of 'Defendant's Memorandum of Law . . .' "); Def.'s Mem. of Law (document no. 19-3) ¶ 2 (characterizing the benefit as "self-insured")), but also argues, perhaps a bit inconsistently, that "the [short-term disability] benefit does not provide 'normal compensation' and [that] there is evidence contrary to the assertion that the benefits are paid only from the general assets of the employer" (Pl.'s Memo. of Law, at 2).

The evidence on which Polley relies includes two denial letters from Prudential, both of which refer to her "claim for . . . benefits under the Group Plan #43774 issued to Harvard Pilgrim Health Care, Inc."  (Pl.'s Obj., Ex. D, at 1 & Ex. E, at 1.)  A document titled "Your Group Disability Plan at a Glance,"

4

bearing Group Contract Number 43774, describes both a short-term disability plan and a long-term disability plan, indicates that employee contributions for the short-term disability plan are "100% employer paid" (id., Ex. B, at 1), and also provides: "Short Term Disability, Long Term Disability, and Integrated Short and Long Term Disability Coverages are underwritten by The Prudential Insurance Company of America" (id. at 2).  Finally, under the heading "Cost of Coverage," the "Benefit Highlights" section of the plan description explains: "The short term disability plan is provided to you on a non-contributory basis. The entire cost of your coverage under the plan is being paid by your Employer."  (Id., Ex. C, at 2.)

At the hearing, defendant produced a supplemental affidavit from Ms. Malumphy, along with Harvard Pilgrim's IRS Form 5500 for 2005, and the six Schedule A forms attached thereto.  Form 5500 is titled "Annual Return / Report of Employee Benefit Plan." (Malumphy Supp. Aff., Ex. C.)  Harvard Pilgrim's Form 5500 indicates that the "Plan funding arrangement" and the "Plan benefit arrangement" both involved a combination of insurance and "General assets of the sponsor."  (See id.)  Schedule A is titled "Insurance Information."  (See id.)  Each Schedule A lists, with regard to a specific benefit, an insurance carrier and the kind of coverage that insurer provided.  (See id.)  The Schedule A for Prudential Financial indicates that Prudential provided long-term

disability coverage only; the "Long-term disability" box is checked, while the "Temporary disability" box is not.  (See id.)  The "Temporary disability" box is not checked on any of Harvard Pilgrim's other Schedule A forms.  (See id.)

On November 4, 2005, Polley wrote to Sharon Boucher, of the Harvard Pilgrim human resources department, seeking a copy of the company's short-term and long-term disability plans.[2]  (Malumphy Aff., Ex. A.)  Polley says that Boucher told her that the short-term disability benefit "was not, in [Harvard Pilgrim]'s opinion, an ERISA Plan and that they did not have to send [her] a copy of the plan."  (Polley Aff. (document no. 20-3) ¶ 5.)  Polley says, and Harvard Pilgrim conceded at the hearing, that she did not receive a copy of the short-term disability plan description until May 31, 2006.  (Id. ¶ 2.)

In Count II of her amended complaint, Polley asserts that Harvard Pilgrim violated 29 U.S.C. § 1132(c)(1) by failing to provide her with plan documents within thirty days of her request for them.

---

[2] She also asked Prudential for a copy of the plan, and was told she needed to get it from Harvard Pilgrim.  (Pl's Obj., Ex. F (document no. 20-8).)

6

**Discussion**

Harvard Pilgrim moves for summary judgment on grounds that its short-term disability benefit is not provided under an employee-benefit plan governed by ERISA and, because ERISA does not govern the short-term disability plan, Polley had no ERISA-enforceable right to plan documents.  Polley objects, arguing that summary judgment is precluded by two genuine issues of material fact: Whether the short-term disability benefit is governed by ERISA, and whether Harvard Pilgrim provided plan documents in compliance with ERISA.

Under the Employee Retirement Income Security Act, an ERISA plan administrator who

> fails or refuses to comply with a request for any
> information which such administrator is required . . .
> to furnish to a participant or beneficiary . . . within
> 30 days after such request may in the court's
> discretion be personally liable to such participant or
> beneficiary in the amount of up to $100 a day from the
> date of such failure or refusal . . .

29 U.S.C. § 1132(c)(1)(B).  Both parties agree that the foregoing requirement pertains only to administrators of employee welfare benefit plans governed by ERISA.  ERISA, in turn, defines "employee welfare benefit plan" as

> any plan, fund, or program which was heretofore or is
> hereafter established or maintained by an employer or
> by an employee organization, or by both, to the extent
> that such plan, fund, or program was established or is
> maintained for the purpose of providing for its

> participants or their beneficiaries, through the
> purchase of insurance or otherwise . . . benefits in
> the event of sickness, accident, disability, death or
> unemployment . . . .

29 U.S.C.A. § 1002(1).

That statutory definition is limited, however, in the following way:

> For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include-
>
> . . . .
>
> > (2) Payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment) . . . .

29 C.F.R. § 2510.3-1(b)(2). Compensation of the kind described above is deemed, by the relevant regulation, a "payroll practice," rather than an employee welfare benefit plan. Id. Here, Harvard Pilgrim argues that the undisputed factual record demonstrates that its short-term disability plan qualified as a payroll practice, and was not an ERISA-governed employee welfare benefit plan, notwithstanding references in documents that erroneously suggested otherwise.

"The question of whether an ERISA plan exists is a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person." McMahon v. Digital Equip. Corp., 162 F.3d 28, 36 (1st Cir. 1998) (quoting Wickman v. Nw. Nat'l Ins. Co., 908 F.2d 1077, 1082 (1st Cir. 1990)) (internal quotation marks omitted).

Harvard Pilgrim contends that Malumphy's affidavit establishes that Harvard Pilgrim pays short-term disability benefits from its general assets rather than through purchased insurance.  That affidavit, supported by the IRS Form 5500, Harvard Pilgrim says, constitutes undisputed evidence that Harvard Pilgrim's short-term disability benefit is a payroll practice not subject to ERISA.  Plaintiff responds by pointing to documents in the summary judgment record pertaining to the benefit that refer to ERISA and the remedies available thereunder, and to the statement, in the "Plan at a Glance" sheet, that the benefit is underwritten by Prudential.  In reply, defendant points out that plaintiff has produced no evidence to create a trialworthy issue regarding the source of the money it uses to pay short-term disability benefits, and further argues that references to ERISA in various plan documents and letters do not preclude a determination, as a matter of law, that the plan is a payroll practice.  Defendant has the better argument.

The dispositive issue is the manner in which Harvard Pilgrim's short-term disability benefit was funded. See McMahon, 162 F.2d at 37 (explaining that "benefits derived from an employee welfare benefit plan . . . that was supported by assets outside of [company]'s general operating funds . . . cannot be a payroll practice under the express terms of 29 C.F.R. § 2510.3-1(b)(2)"). Defendant has produced uncontroverted evidence establishing that Harvard Pilgrim paid short-term disability benefits out of its general assets, as normal compensation, "on account of periods of time during which the employee is . . . unable to perform his or her duties." 29 C.F.R. § 2510.3-1(b)(2) That evidence supported Harvard Pilgrim's report to the government, the IRS Form 5500 and the Schedule A forms attached to it, which discloses that Harvard Pilgrim did not purchase insurance to cover its short-term disability benefit and that it funded part of its overall employee benefit package (i.e. the short-term disability benefit) with general company assets.

The evidence Polley has produced in opposition to defendant's summary judgment motion is not sufficient to create a genuine issue of material fact. See Chadwick, 561 F.3d at 43 ("An issue is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"). To be sure, Polley has produced a variety of documents in which Harvard Pilgrim's short-term disability benefit is described as, and

10

treated in the same manner as, an ERISA-governed plan; the language used is plainly drawn from the lexicon of ERISA plans and insurance. But, as the court of appeals has noted: "We do not hold that an employer's mere labeling of a plan determines whether a plan is an ERISA plan, since this also could lead to a form of 'regulation shopping.' " McMahon, 162 F.3d at 38. Moreover, while plaintiff has produced various documents containing language suggesting or implying that Harvard Pilgrim purchased insurance to cover its short-term disability benefit, that language is generally mere boilerplate — lumping all benefits under the same administrative procedures. But Polley has produced no evidence from which a reasonable jury could conclude that Harvard Pilgrim actually paid short-term disability benefits with anything other than its general assets, as normal short-term compensation for time missed by employees because of physical inability to perform their duties.[3]

---

[3] Polley's argument that a benefit paying less than an employee's full salary cannot qualify as "normal compensation" is given no legal support in her brief, and, indeed, runs counter to the weight of authority. See, e.g., Bassiri v. Xerox Corp., 463 F.3d 927, 934 (9th Cir. 2006) ("we hold that Xerox's LTD plan may qualify as a payroll practice even though it pays less than Bassiri's full salary"); Hite v. Biomet, Inc., 38 F. Supp. 2d 720, 729-30 (N.D. Ind. 1999) (rejecting employee's argument that benefit paying only 60% of full salary could not be a payroll practice because it did not pay "normal compensation"); Carmouche v. MEMC Pasadena, Inc., Civil Action No. 06-2074, 2008 WL 2938474, at *12 (S.D. Tex. July 21, 2008) ("Every court that has considered whether 'normal compensation' includes employer plans providing less than full salary has deferred to [a definition promulgated by the Department of labor in eleven opinion letters], finding such plans exempt from ERISA.") (citation omitted).

Prior to the hearing, <u>i.e.</u>, before defendant produced the 2005 IRS Form 5500, the posture of this case was roughly analogous to <u>Marshall v. Whirlpool Corp.</u>, No. 07-CV-534-JHP, 2009 WL 1939922 (N.D. Okla. July 6, 2009), at the point when the district court denied defendant's first motion for summary judgment.  As the court explained:

> [T]he record is actually somewhat ambiguous as to the process through which those benefits are paid.  For example, although the affidavit of Whirpool's Paula J. Gill describes the way those benefits are funded (Docket No. 29-2, ¶ 4) ("Whirlpool pays benefits from funds of Whirlpool by checks signed by UniCare as Whirlpool's disbursing agent upon a bank account(s) established and maintained by Whirlpool for the purpose of payment of claims.  All benefits paid to employees eligible for short-term disability benefits are drawn from Whirlpool's general assets."), her description is inconsistent with the Summary Plan Description (Docket No. 29-3, at 18) ("John Hancock Mutual Life Insurance Company pays you a weekly benefit if you become totally disabled [.]") and the Administrative Service Agreement (Docket No. 29-4, at 15) (referencing the agreement as being between Whirlpool and John Hancock).  This ambiguity must be resolved before the Court can determine whether the funding of the benefits plan in question is or is not a "payroll practice."

<u>Id.</u> at *1 (citation omitted).  Here, language in the plan documents produced by Polley also might be read as giving rise to some ambiguity with respect to funding of the short-term disability benefit.  But now, after defendant's production of the IRS Form 5500, the ambiguity is resolved and the case is analogous to <u>Marshall</u> at the point when the district court granted the defendant's second motion for summary judgment.  No reasonable jury could conclude that the ambiguous boilerplate

plan language identified by Polley outweighs Malumphy's affidavit, and disclosures made in the IRS forms. A reasonable fact finder faced with this record could only conclude that Harvard Pilgrim's short-term disability benefit was paid out of general assets and constituted a payroll practice, beyond the reach of ERISA. Accordingly, Harvard Pilgrim is, as a matter of law, entitled to judgment that it had no obligation, under ERISA, to provide Polly with documents pertaining to her short-term disability benefit, and is not subject to sanction for failing to respond to her request within thirty (30) days.

## Conclusion

For the reasons given, defendant's motion for summary judgment (document no. 19) is granted. The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 25, 2009

cc: John J. LaRivee, Esq.
    Martha Van Oot, Esq.